92 | 157
190 | 182

# Appeal of J. W. Christy et al.

1. In a partnership bill the plaintiffs and defendants were members of an unincorporated association called the "Concord Bank." The prayers were for an account for contribution. One of defendants denied his liability to account, on the ground that he was not a member of the co-partnership. *Held*, that his liability was a question to be settled before the equities between the parties could be gone into.

2. The plaintiffs alleged that they had become security for and been compelled to pay large sums on account of the partnership. To establish the liability of the partner who refused to contribute and ascertain the amount he was entitled to pay involved the adjustment of complicated accounts. *Held*, that the questions thus to be settled were not adapted to an ordinary jury trial, and that a resort to equity proceedings was proper.

3. The reference of the case to the master was general. His report was only as to the liability of the defendant who refused to contribute. *Held*, that the proper practice would have been to have made a special reference to the master to report upon the preliminary question of the defendant's liability as a partner, but as the master had done what he ought to have done, under a proper reference, this court will regard the order as amended.

[Appeal of J. W. Christy et al.]

November 17th 1879.   Before Sharswood, C. J., Mercur, Gordon, Paxson and Trunkey, JJ.   Sterrett and Green, JJ., absent.

Appeal from the Common Pleas of *Butler county :* Of October and November Term 1876, No. 268.   In Equity.

Bill in equity filed by J. W. Christy, Robert Campbell, W. C. Glenn, H. C. Linn, J. C. Glenn, William Conway and W. H. Timblin against W. H. Timblin, William Conway, Robert Campbell, J. W. Christy, A. B. Rhodes, W. J. Breaden, R. J. Thompson, Samuel Russell, W. C. Glenn, J. C. Glenn, W. C. Bryson, H. C. Linn, David Morrison, A. M. Hutchion, W. W. Christie, Peter Grace, H. P. Conway, S. M. Kier, W. Wallace Perkins, F. M. Campbell, Viola McElwain, Elenor Campbell, M. M. Say, T. B. Clark and J. N. Wick, to compel contribution by defendants to pay the losses and settle the partnership account of the firm, of which plaintiffs and defendants were members, the same being insolvent.

The bill, inter alia, set forth :

1st. That on or about the 5th of April 1873, the plaintiffs and defendants, above named, entered into a co-partnership to carry on the business of banking, under the name, style and title of the " Concord Savings Bank."

2d. That the partners above named, at a meeting held at their banking house in Greece City, agreed and determined that the capital stock of said bank should consist of one hundred· shares, each share to be $300, to be paid in from time to time to said bank. That all the foregoing plaintiffs and defendants subscribed for and became liable for shares in said bank, in different proportions, the number of H. P. Conway being eight.

3d. That the said association or partnership was organized by the election of W. H. Timblin as trustee and H. C. Linn, J. C. Glenn, Robert Campbell, Wm. Conway, J. W. Christie, David Morrison, A. M. Hutchison, W. H. Timlin, W. Wallace Perkins, W. W. Christie and W. C. Glenn as directors, on or about the 5th of April 1873, at a meeting regularly called and held at Greece City, at the banking house of the Concord Savings Bank.   That the said board of directors was elected and organized with W. H. Timblin as president, H. C. Linn as vice-president, and J. C. Glenn, W. C. Glenn and David Morrison as discount committee. That it was agreed that W. H. Timblin, David Morrison and Dr. H. C. Linn, act as a committee to procure a cashier and book-keeper for said bank.   That at the said meeting the aforementioned parties agreed to pay in one-fourth of the capital stock, and that the capital stock should be $30,000.   That at the said meeting they agreed that they would commence the said business of banking on or about the 24th day of April 1873.

4th. That the committee aforesaid, appointed, by and with the consent of the board of directors, J. N. Wick, cashier, and Henry Bredin, bookkeeper, and the officers above named took upon them-

selves the duties of their respective offices and acted in that capacity until about the 1st day of September 1873, when the said bank, by resolution of the board of directors, was removed to the borough of Sunbury; and the cashier and bookkeeper, aforesaid, continued in said office until about the 1st of October 1873, when they resigned their respective offices, and J. C. Glenn as cashier carried on the business of said bank until about the 27th day of November 1873, when the business was stopped and payment suspended for the want of funds.

5th. That while the said partnership in the said general banking business was being carried on, losses were sustained by the said partnership to the amount of about $50,000, in the course of their business as bankers. That a very small amount of the capital stock, to wit, $6075, had actually been paid in, and that the said partnership has no available assets to pay said indebtedness.

6th. That the plaintiffs, J. W. Christy, Robert Campbell, W. C. Glenn, H. C. Linn, J. C. Glenn, Wm. Conway and W. H. Timblin, borrowed money and have become individually responsible to the amount of $27,653.50, in order to pay the most urgent debts of the said partnership, and to relieve themselves and co-partners from judgments and executions thereon. That the amounts aforesaid were borrowed to pay depositors in said bank on the credit of the co-partners above named. Yet the defendants above named refuse and neglect to come in and contribute their share of the losses of the said co-partnership and deny their responsibility so to do.

7th. That the co-partners above named are each of them able to contribute his legal share of the losses sustained as aforesaid while carrying on said business, except W. H. Timblin, T. B. Clark, W. W. Christie, W. Wallace Perkins, S. M. Kier, J. N. Wick, R. J. Thompson, Viola McElwain, Elenor Campbell, and M. M. Say, who at present are believed to be insolvent and unable to contribute their shares of the losses aforesaid.

Wherefore, your orators pray—

1st. That a just and true account be taken of all transactions between the parties to this bill, as well as the items and amounts of indebtedness due from said partnership to the creditors of said firm; and generally, that an account be taken or stated between the partners aforesaid; also one showing the indebtedness of the firm and the debts due said firm, and from and to whom they are due and owing.

2d. That the court decree that the partners above named, viz: Wm. Conway, Robert Campbell, J. W. Christy, A. B. Rhodes, W. J. Breaden, Samuel Russell, W. C. Glenn, J. C. Glenn, W. C. Bryson, H. C. Linn, David Morrison, A. M. Hutchison, Peter Grace, H. P. Conway and F. M. Campbell, who are responsible, be directed to contribute each according to the number of shares of the stock subscribed and held by them in said bank, a sum which

in the aggregate will amount to the entire indebtedness of said co-partnership, and that the contribution shall be a pro rata of the entire indebtedness of said bank on the number of shares held by each responsible stock or shareholder.

3d. That the court decree that each stockholder contribute pro rata on the number of shares of stock of said bank held by him, a sum of money which in the aggregate will amount to the entire indebtedness of said firm or partnership.

4th. That the court direct the defendants who have refused before the filing of this bill to contribute their share of the losses of said partnership, to pay the costs of this proceeding.

5th. To grant such other and further relief in the premises as to the court may seem proper.

H. P. Conway, one of defendants, filed an answer, of which, the following is an abstract:

1st. That to the best of his knowledge, information and belief, there was a co-partnership formed on or about the date mentioned between the plaintiffs and certain of the defendants named, to carry on the banking business as alleged, but denies that he became a member of said co-partnership at the date mentioned, or any other.

2d. That the partnership in said concern did agree on the amount of the capital stock, the number of shares and the value of each share, as alleged, but denies that he was one of said partners or had anything to do with the agreement, and that he subscribed and became liable for the payment of eight or any other number of shares of stock.

3d. That the allegations may or may not be true as to the partnership, but denies that he was a member, or bound by the organization and election mentioned, or by fixing the amount of capital stock, and time they would commence the banking business.

4th. That he knows nothing about the matters alleged in paragraph 4 of plaintiffs' bill, but believes that they are true, and alleges that the removal of said bank was unauthorized by the stockholders, and contrary to the rules and by-laws said to have been adopted by the co-partnership.

5th. That the allegations contained in paragraph 5 of plaintiffs' bill are true, but that he was not a partner in the business. That the business was entirely too general ; was run principally by the plaintiffs, or some of them, as directors and officers in a very unskilful and profligate manner, without regard to rules or by-laws, or the rights of the stockholders or depositors. That the books of the concern are in the possession or under the control of the plaintiffs, or some of them, or of their counsel. And that they are able to furnish a complete statement of the indebtedness, the assets, whether available or not and the loss incurred. That the said losses were incurred by mismanagement of the directors and officers, of whom the plaintiffs were a part, and did most of the business, by per-

[Appeal of J. W. Christy et al.]

mitting loans and over drafts, in violation of the rules and by-laws of the partnership, &c.

6th. That the plaintiffs did borrow money from the individuals mentioned as alleged, but denies that it was borrowed for or applied to the payment of depositors who deposited in said bank, especially denying his co-partnership, and that any deposits were made on his account, and alleging that the defendants did not relieve themselves or prevent the obtaining of judgments against them, and that the money was borrowed to pay obligations or deficiencies occasioned by neglect and fraudulent conduct of the directors and officers of said bank. And further that it is not true that all the defendants refuse to contribute to the losses of said co-partnership, or that he is legally liable to contribute. That several suits have been brought against him by the creditors of said co-partnership, in the Court of Common Pleas of Butler county, Pennsylvania, along with others as a member, for an amount in the aggregate of over eight thousand dollars, and being in excess of his liability if he were liable for all the plaintiffs allege. That he has denied his partnership in said suits by affidavit, and that they are still pending.

7th. That the allegations contained in paragraph 7 of plaintiffs' bill are true, but again denies his membership and liability to contribute to the alleged losses of said co-partnership. That the plaintiffs are nor entitled to the relief asked for against him, because they allege no assets in his hands, and allege no fraud nor contemplated fraud, in support of their prayer. That the plaintiffs have not shown themselves entitled to relief in the second prayer. That judgments are now of record in the Court of Common Pleas of Butler county, against the responsible partners in said concern, which are liens on real estate for all or nearly all the indebtedness, and that a decree in equity would not make the money any more secure to the creditors.

That a complete remedy being available at law and already secured, the plaintiffs are not entitled to the decree asked in the fourth clause of their prayer for relief, but that plaintiffs should pay the costs.

This defendant further alleges that certain of the plaintiffs herein named, to wit: J. W. Christy, Robert Campbell, W. C. Glenn, J. C. Glenn, H. C. Linn and William Conway, did on or about the        day of December 1874, file their petition in the District Court of the United States, for the Western District of Pennsylvania, at Pittsburgh, praying that themselves and the other defendants be adjudged bankrupts, alleged as members of the said co-partnership called the "Concord Savings Bank." Whereupon the said court granted a rule on this defendant, among others, to show cause why the prayer of said petition should not be granted, to which he filed his answer under oath, denying that he was a member of said co-partnership or in any way liable for any of its debts.

11 NORRIS—11

[Appeal of J. W. Christy et al.]

That issue was joined on said rule and answer, which is still pending in said court.

This defendant alleging that he is willing and able to pay all claims against him which are just, or for which he is adjudged liable, asks that the plaintiffs' bill be dismissed and they be ordered to pay the costs.

The case was referred to a master for the purposes stated in the prayers of the bill. Testimony was adduced before the master who made a report to which H. P. Conway filed, inter alia, the following exceptions :

1st. The report is incomplete. The reference to the master was general, and included the whole case or none of it. The plaintiffs put in all the testimony they claimed to have upon the whole case. The master has no authority to pass upon the question of fact, except as incident to the equities claimed in the bill without defendant's consent.

2d. The master should have reported explicitly upon the question raised before him on behalf of defendants, and in defendant's answer as to the rights of plaintiffs to maintain their bill upon the law and facts before him; and should have reported, that plaintiffs are not entitled to a decree in their favor therein in any event, and that their bill should be dismissed.

10th. Concluding that H. P. Conway was a member of said partnership, and owned or took eight shares of stock therein, and became liable and is liable to contribute to pay the losses of the partnership; and all the conclusions of the master upon the facts and law pertaining to such membership and liability of said defendant.

11th. Not reporting that the creditors of the " Concord Savings Bank" are not prosecuting this suit. That they have a full, complete and adequate remedy at law, for their claims against said partnership; and that, as between H. P. Conway and the plaintiffs, they are not entitled to any contribution from him in any event in this suit.

12th. Recommending a decree in the form prescribed; and not reporting, that the necessary parties to enable the court to make a decree at all, have not all been brought into court; and not reporting, that plaintiffs are not entitled to a decree against defendant, and that their bill should be dismissed at their cost.

The court, McJunkin, P. J., after argument, without filing any reasons therefor, sustained the exceptions, dismissed the bill and ordered plaintiffs to pay the. costs. From this decree they took this appeal.

*McCandless & Greer*, for plaintiffs in error.—The plaintiffs' right to maintain their bill as members of the co-partnership known as the " Concord Savings Bank," is founded on two grounds : 1st. For an account and settlement of the affairs of the bank on the insolvency

[Appeal of J. W. Christy et al.]

of the co-partnership; and, 2d. For contribution for moneys paid and advanced on account of the indebtedness of the firm, to a much larger amount than their respective proportions thereof. Either of which grounds, in our opinion, under the evidence and authorities, is sufficient to support the bill for the purpose of an account and settlement of the concern on the one hand, and contribution on the other. And in support of the bill on the first ground, we cite Story on Partnership, 6th ed., sect. 229, 282, 347, 351; 1 Story's Eq. Jur., 10th ed., sects. 671, 672, 683; also Collyer v. Collyer, 2 Wright 257; Gloninger v. Hazard, 6 Id. 389; Tutton v. Addams, 9 Id. 67; Persch v. Quiggle, 7 Smith 247; Hedge's and Horn's Appeal, 13 Id. 273.

In support of the bill on the second ground, we cite Story on Partnership, 6th ed., sect. 220, 521, 522; 1 Story's Eq. Jur., 10th ed., sect. 492, 493, 496, 504; also 8 Harris 41.

While it is true, that the reference to the master was general, yet it is not true that the plaintiffs submitted their whole case. The denial of partnership by H. P. Conway, one of the defendants, necessarily raised a preliminary question to be disposed of before proceeding to an account. To which question the plaintiffs' testimony was principally directed, and upon which the master reported, finding the defendant a partner, and liable to account and contribute; to which findings these exceptions were filed, and certified to the court by the master for decision. Here we contend, that the master was right in distinguishing the question of partnership from that of account, and it should have been passed on by the court as a separate and distinct question: Collyer v. Collyer, 2 Wright 257.

*Geo. A. & A. T. Black*, for appellee.—In Collyer v. Collyer, *supra*, it does not appear that there was any report of a master, except of the testimony taken before him; no exceptions appear, and no opinion from which the court above was able to see the grounds for the dismissal of the bill. Here the exceptions are full and specific, and the decree sustains them, thereby plainly showing the points decided and the reasons therefor.

If the articles of association were adopted and binding on defendant, an action at law will lie on them against him, because they contain a covenant for contribution: 1 Story's Eq. Jur., sect. 661.

The plaintiffs bring their bill in their own names and in their own rights, but the answer and proof show that they were directors: Morse on Banks and Banking 117, &c., 450, &c.; Story on Agency 199, &c.; Story on Partnership 159, &c.

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

This was a partnership bill. The plaintiffs and defendants are respectively members of an unincorporated association called the

"Concord Savings Bank." The prayers were for an account and for contribution. H. P. Conway, one of the defendants, by his answer denied his liability to account, for the reason that he was not a member of the co-partnership. The liability of the other defendants to account and contribution was not denied. The denial of the partnership by Conway, raised a preliminary question as to him which, under the authorities, it was necessary to settle before the equities between the parties could be gone into: Collyer *v.* Collyer, 2 Wright 257. The master accordingly proceeded to hear the case, and upon testimony which is entirely satisfactory, found the fact that H. P. Conway was a member of the partnership; that he was liable to contribution, and recmomending a decree for an account. Upon exceptions filed to his report, the court below dismissed the bill.

This was error. The subject-matter of the bill was clearly within the jurisdiction of equity. It comes within the express terms of the Act of 16th June 1836, conferring equity powers upon the courts. See also Collyer *v.* Collyer, *supra;* Tutton *v.* Addams, 9 Wright 67; Hedge & Horn's Appeal, 13 P. F. Smith 273. The point strongly pressed on behalf of Conway, that the plaintiffs had an adequate remedy at law, is not well taken. The questions to be settled, were not adapted to an ordinary jury trial. The plaintiffs allege, that they had become security for, and had been compelled to pay large sums on account of the partnership. To establish the liability, and ascertain the amount the defendant Conway would be entitled to contribute, necessarily involved the adjustment of complicated accounts. The flexible machinery of a court of equity, is peculiarly adapted to such proceedings, and has very generally driven out of use the old remedy by action of account render.

Objection was made, that the report was incomplete; that the reference to the master was general, and included the whole case. It is true the reference was general. This was a mistake, and probably an oversight. The proper practice would have been to have made a special reference to the master, to report upon the preliminary question of the defendant Conway's liability as a partner. As the master has done just what he ought to have done under a proper reference, we may well regard the order as amended. The objection is purely technical, and the irregularity did no harm. Mere technicalities are not favored in equity, which regards substance rather than form.

The court below gave no reasons for dismissing the bill, and we are unable to see any.

The decree is reversed at the costs of the appellees; the bill is re-instated; the decree reported by the master is approved; and it is ordered that the record be remitted to the court below for the purpose of taking an account, and for such further proceedings as may be necessary.